OHIO VALLEY INDUSTRIAL CORPORATION *v.* H. L. SEABRIGHT COMPANY

(No. 7041)

Submitted September 8, 1931. Decided September 15, 1931.

*McCamic & Clarke, Nesbitt & Nesbitt,* and *Jay T. McCamic,* for plaintiff in error.

*George C. Beneke* and *J. M. Ritz,* for defendant in error.

WOODS, JUDGE:

This is a proceeding by motion for judgment to recover two calls, aggregating $800.00, made by the board of directors of Ohio Valley Industrial Corporation on defendant, H. L. Seabright Company, a corporation, in pursuance of the latter's subscription for $10,000.00 worth of stock in the former corporation upon its incorporation. Plaintiff complains of a judgment entered on a jury verdict for the defendant.

. The application for the charter of Ohio Valley Industrial Corporation was dated March 12, 1926. The charter was granted April 1, 1926. The subscription was made by H. L. Seabright for the company bearing his name on March 19, 1926. The charter contains the provision: ''This corporation is not organized for personal gain, but only as a civic undertaking, and there shall never be any dividends declared from profits, and all profits accruing shall be placed in a surplus fund for the objects and purposes of the corporation.'' The charter contained a provision following the

terms of subscription to the effect that 3% capital may be called for operating expenses and 7% for investments in any one year—or a total of 10%. The incorporators named in the charter, signed a waiver of notice for first meeting of stockholders, called for April 8th, as well as a waiver of notice of meeting of stockholders for general purposes; by-laws and election of board of directors to be considered at next meeting. At this meeting, May 24, 1926, a number of stockholders names appear as present, but no mention of H. L. Seabright Company being represented. No statement that it was notified of either the meeting of April 8th or May 24th. Four calls, aggregating $1,000.00 were made during the first year. The first two, $100.00 and $200.00, respectively, were made without any protest. As to the latter two, H. L. Seabright states that he went to Mr. Wilson, of plaintiff corporation, and upon verifying the fact that it was a non-profit-sharing corporation, refused to pay. Was informed that he would be sued. Shortly thereafter the company check for $700.00, covering the third and fourth calls, was forwarded plaintiff. Seabright said that he then saw a lawyer and refused to pay the fifth and sixth calls, the subject of this action.

The three defenses interposed are (1) that defendant was led to believe that the plaintiff company, when organized, was to be a profit sharing corporation; (2) that it had no notice of the organization meetings of the plaintiff corporation, and consequently was not permitted to participate therein (see *Windsor Hotel Co.* v. *Schenk,* 76 W. Va. 1); and (3) that it could not subscribe, except upon regular corporate action (see Code 1923, chap. 52, sec. 3). If these are proper defenses, and the circuit court seemed to so hold, the question arises as to whether or not the defendant's action in paying the first four calls (the last two being paid admittedly after it knew said rights) amounted to a waiver of its rights.

All the instructions given at the request of the plaintiff were based on the fact that defendant's payments of calls, in the face of the latter's alleged rights, amounted to a waiver. They were proper. Defendant's instructions 3 and 5, given by the court, while setting up defendant's right to

refuse to pay calls on the ground that it had not been given an opportunity to participate in the organization meeting of plaintiff corporation, properly incorporated the element of waiver. No. 4, which did not contain said element, was refused, as well as defendant's No. 1, a peremptory instruction.

Plaintiff attacks defendant's instruction No. 2. It reads: "The court instructs the jury that said contract of subscription sued on in this case, is a conditional agreement, and before plaintiff can recover, it must perform said condition. That the plaintiff company was one organized for profit, was a condition precedent to plaintiff's right to recover, and you are further instructed that the plaintiff corporation is not one organized for profit. You are therefore instructed, if you believe from the evidence that there was represented to H. L. Seabright, by W. E. Stone or R. R. Kitchen, at the time said contract was signed, that the plaintiff corporation was one organized for profit and could pay dividends, if earned and declared, then you must find for the defendant, unless you believe from the evidence that the performance of said condition was waived by the defendant. And you are further instructed that before you can find for the plaintiff, you must believe from all the evidence in the case that the defendant waived the right to subscribe for stock in a corporation organized for profit."

The second sentence of the foregoing instruction declares specifically that plaintiff, to recover, must, as a condition precedent, establish the fact that it was organized for profit, and ends with a clause declaring that it was not so organized. As we see it, and as the next sentence of the instruction states, such condition is based upon the establishment, by the defendant, of the fact that either W. E. Stone or R. R. Kitchen, solicitors, represented to H. L. Seabright that plaintiff corporation was one organized for profit, etc. We cannot say that the jury were not misled by such mis-statement, even though the latter part of the instruction is claimed to have cured it.

The first half of the instruction is in conflict with the latter half. This Court has repeatedly held that instructions

must not be inconsistent with each other for the patent reason that it is calculated to confuse and mislead the jury. It leaves the jury at liberty to decide according to the correct rule or to the contrary, and it renders it impossible for the court to determine upon what legal principle the verdict was founded. *McKelvey* v. *C. & O. R. Co.*, 35 W. Va. 500. The same rule would apply where the vice is in the same instruction, as here.

Defendant having responded by paying the first four calls for partial payments of its alleged stock subscription (the last two having been made subsequent to a time when defendant's president admits that he had learned that the plaintiff was a non-profit sharing corporation), we are of the opinion that the said payments by defendant constitute a ratification of its stock subscription. We are therefore further of opinion that the court should have sustained the plaintiff's motion for a directed verdict in its favor.

*Reversed and remanded.*